**Gurdeep KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74163.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Earle B. Wilson, Office of Immigration Litigation, Washington, DC, WWS-District Counsel, Immigration and Naturalization Service, Seattle, WA, Robbin K. Blaya, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Gurdeep Kaur, a native and citizen of India, petitions for review the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence credibility findings, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we review de novo due process challenges, *Padilla v. Ashcroft,* 334 F.3d 921, 923 (9th Cir.2003). We deny the petition.

** This disposition is not appropriate for publication and may not be cited to or by the

In finding Kaur not credible, the IJ and BIA pointed to internal inconsistencies in Kaur's testimony regarding her claim that the Indian police arrested her husband for his involvement with Sikh militants, and that police raped her. These inconsistencies go to the heart of Kaur's asylum claim and are supported by substantial evidence. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Substantial evidence also supports the BIA's finding that Kaur failed to explain why a corroborating affidavit from her husband was not easily available. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir. 2000) (holding that where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review).

Kaur's contention that the BIA's failure to specifically address her CAT claim violates due process lacks merit because she failed to show prejudice. *See Padilla,* 334 F.3d at 924–25 (requiring that petitioner demonstrate prejudice).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as may be provided by 9th Cir. R. 36–3.